# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

VICENTE AVILA-PAREDES,

    Petitioner,

    v.

LEANDER HOLSTON, *et al.*,

    Respondents.

Case No. 2:26-cv-00699-RFB-EJY

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Vicente Avila-Paredes's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents under 8 U.S.C. § 1225(b)(2)(A) without opportunity for release on bond, despite an IJ finding he does not present a danger or flight risk, violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations. See Petition, ECF No. 1 at 9-10.

The only authority Respondents provide for continuing to detain Petitioner without opportunity for release on bond is their novel statutory interpretation of § 1225(b)(2)(A). See generally Opposition, ECF No. 11. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has previously rejected it as unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *1 n.1 (D. Nev. Feb. 5, 2026) (collecting cases). Accordingly, and consistent with its prior decisions, the Court finds that Respondents' ongoing detention of Petitioner is unlawful. The Court grants the Petition and orders Respondents immediately release Petitioner from custody pursuant to the conditions set forth in the IJ's order.

The Court makes the following findings of fact. Petitioner is a native and citizen of Mexico who has resided in the United States since he last entered the country without inspection and admission or parole, in or around 2020. See ECF No. 1 at 4. On March 1, 2026, Petitioner was arrested by ICE officers after a targeted traffic stop. See Form I-213, ECF No. 11-1 at 3. Petitioner was then taken into ICE custody and issued a Notice to Appear ("NTA") by DHS, commencing removal proceedings against him under § 1229a and charging him with, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection. See Notice to Appear, ECF No. 11-2. Respondents have detained Petitioner at the Nevada Southern Detention Center without opportunity for release on bond since. See ECF No. 1 at 4.

Petitioner requested a custody redetermination (*i.e.*, bond) hearing before the Las Vegas Immigration Court through counsel, and at the hearing held March 10, 2026, the immigration judge ("IJ") issued a decision denying the bond request on March 9, 2026 for lack of jurisdiction under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"]. See IJ Bond Order, ECF No. 11-3. However, the IJ stated in the alternative, "[t]he respondent is not a danger or flight risk. . . . [S]hould the Court otherwise be found to have jurisdiction, it determines that bond in the amount of $1,500 is appropriate." Id.

Consistent with its prior decisions, the Court rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J.,

dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, after an IJ has already found Petitioner does not present a danger to the community of flight risk, Respondents must immediately release Petitioner, subject to the bond conditions originally imposed by the IJ in the alternative. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on March 26, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ. Federal Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.[1]

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** Petitioner be afforded until **April 26, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings

---

[1] The IJ notably did not prescribe alternatives to detention as a necessary bond condition to "ensure the respondent's future appearance at immigration proceedings." See ECF No. 11-3.

unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **March 27, 2026.**

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 25, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**